UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 24-CR-170

    v.

LASHAWN DAVIS, JR., and
DIAUNTE D. SHIELDS,

        Defendants.

**EX PARTE STATEMENT IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER REGULATING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, I, William J. Roach, hereby states as follows in support of a protective order regulating the use, dissemination, and disposition of the discovery materials in this case:

1. I am an Assistant United States Attorney in the Eastern District of Wisconsin, and am one of the prosecutors assigned to handle the above-captioned matter.

2. On August 27, 2024, the Grand Jury returned an indictment charging defendants Lashawn Davis and Diaunte Shields, with violations of Title 21, United State Code, Sections 841(a)(1) and 841(b)(1)(A) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

3. This case arises out of a long-term investigation led by FBI SA Shane Hoffmann and other law enforcement that started in 2019 and continues to present. It involves the theft and interstate transport and receipt of hundreds of high-end vehicles sold nationally and internationally. Law enforcement have identified dozens of individuals located in Wisconsin and multiple other states that are believed to have assisted in this car theft ring.

4. Accordingly, the Government anticipates seeking a superseding or separate indictment charging Davis, Shields, and others with charges involving Interstate Transport of Stolen Vehicle (18 U.S.C. § 2312), Receipt of Stolen Vehicle Transported Interstate (18 U.S.C. § 2313) and money laundering (18 U.S.C. § 1956).

5. This investigation is in part based on information provided by confidential sources, physical and electronic surveillance, law enforcement reports, telephone (text and other) communications, administrative subpoenas, grand jury subpoenas, a review of jail and prison calls made by Shields, and other investigative measures. More specifically, law enforcement has executed approximately 150 state and federal warrants covering pings, historical cell tower, residential, electronics, iCloud, social media, tracking, and vehicle pings. Law enforcement has analyzed approximately 30 iCloud/email accounts, in excess of 40 electronic devices, executed over one hundred grand jury subpoenas covering financial records, phone tolls, business records, motor vehicle records, and subscriber information, and obtained over 100 administrative subpoenas for phone toll and subscriber information. Law enforcement also has captured several months' worth of surveillance footage from three cameras trained on pertinent locations.

6. During the investigation, the United States also obtained many phone extractions belonging to the defendant, targets, and subjects. The discovery materials contain personal and sensitive information of the defendants, witnesses, and third parties, as well as large amounts of data that may prove irrelevant to this case. Most of the discovery materials contain the personal identifying information of witnesses, other sensitive or private information of the defendant, targets, subjects, witnesses, and third parties, or information about the Government's ongoing investigation. This information cannot reasonably be redacted from the discovery materials because of its nature, format, and scope.

7. While defendant Shields remains in custody, the United States's investigation is ongoing, and the discovery materials contain substantial evidence implicating several unindicted co-conspirators in the same crimes and related crimes. The United States anticipates additional charges and arrests in the coming months.

8. The United States will, nevertheless, attempt to redact or mask the information about the Government's ongoing investigation and the identity of confidential informants, but this information can still be inferred from the discovery materials. Some of the materials are non-discoverable, but will be disclosed in accordance with the "Expanded Discovery Policy" in Criminal Local Rule 16(a)(2).

9. Unrestricted dissemination of the discovery materials may prematurely reveal the identities of targets, subjects, and witnesses, other sensitive or private information of the defendant, targets, subjects, witnesses, and third parties, or the nature of the Government's ongoing investigation, thereby compromising the safety and privacy of witnesses and the integrity of the ongoing investigation.

10. The information above underscores the very real possibility that the unregulated use, dissemination, and disposition of the discovery materials could be used to intimidate or influence witnesses improperly or to otherwise obstruct justice. Witness intimidation is a significant issue in this District. *See* Ashley Luthern and John Diedrich, "Witness intimidation a serious problem" MILW. J.S. (Aug. 18, 2017) (citing high-profile examples of witness intimidation in Milwaukee that "continue[ ] to pervade — and pervert — the criminal justice system in Milwaukee County"); Ashley Luthern, "How we analyzed homicide data from police, prosecutors and the court" MILW. J.S. (Jan. 7, 2020) (stating that 23% of charged homicide cases in Milwaukee were impacted by documented instances of witnesses failing to appear).

11.  I have been informed of multiple instances of witness intimidation and obstruction of justice in cases in this courthouse. A family member of a charged defendant, suspected of cooperating with law enforcement, was threatened with a gun to the head and told that it would be in the defendant's "best interests" not to cooperate. *See United States v. Davis*, Case No. 09-CR-166 (E.D. Wis.). A cooperating witness was beaten and lit on fire by indicted defendants because of his cooperation with law enforcement. *See United States v. Prince, et al.*, Case No. 08-CR-53 (E.D. Wis.). A defendant, despite being incarcerated and subject to a protective order, identified three informants and was recorded planning with another detainee at the Waukesha County Jail to have the informants and two others killed. *See United States v. Patterson*, Case No. 13-CR-193 (E.D. Wis.).

12.  While there is no way to eliminate these risks, the United States believes that regulating the use, dissemination, and disposition of the discovery materials as proposed in the accompanying Protective Order will greatly reduce these risks. Similar orders governing the use, dissemination, and disposition of discovery materials have regularly been entered in cases in this district.

For these reasons and those stated in the accompanying motion, the United States respectfully requests that this Court enter the Protective Order regulating the defendant's use, dissemination, and disposition of the discovery materials and that this ex parte statement be sealed until further order of the Court pursuant to Rule 16(d)(1).

Dated at Milwaukee, Wisconsin, this 13th day of September 2024.

By:  */s/ William Roach*
WILLIAM J. ROACH
Assistant United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202